IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| TERRENCE T. JOHNSON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00027-M-BP |
| | § | |
| BRYAN COLLIER, Executive Director, | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff Terrence T. Johnson's Declaration in Support of a Motion for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 28) and a Memorandum in Support of the Motion (ECF No. 29), filed August 7, 2017, which the Court construes as a Motion for Injunctive Relief; Defendant's Response to Plaintiff's Motion for Injunctive Relief (ECF No. 35) with Brief in Support (ECF No. 36), filed August 28, 2017; Plaintiff's Reply to Defendant's Response (ECF No. 40) with Declaration in Support (ECF No. 41), filed September 19, 2017; and Plaintiff's "Correspondence in Support of Motion for Temporary Restraining Order" (ECF No. 42), filed October 16, 2017. The Court held a hearing on Plaintiff's Motion for Injunctive Relief on November 30, 2017. After considering the pleadings, the evidence presented at the hearing, and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DENY** Plaintiff's Motion for Injunctive Relief.

I. **BACKGROUND**

Plaintiff is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice (TDCJ) in Iowa Park, Texas. ECF No. 8. Plaintiff seeks injunctive relief concerning the TDCJ's Religious Beard Policy and the alleged retaliatory acts taken by TDCJ

employees against Plaintiff. In his Motion, Plaintiff states the following: (1) the TDCJ's "Religious Beard Policy" violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying inmates on the Religious Beard List state-issued shaving razors; (2) Plaintiff was given several disciplinary actions for refusing to groom while on the Religious Beard List; (3) Plaintiff was "interviewed" about his lawsuit involving "the razors"; and (4) Plaintiff's cell has been searched several times since the filing of this lawsuit. ECF No. 28. Plaintiff argues that these actions taken by TDCJ employees have a "casual [sic] connection" to Plaintiff's filing the lawsuit in this case. *Id.*

## II. LEGAL STANDARD

To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). If the party seeking the relief fails to establish any of the four elements, the motion for injunctive relief will be denied. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

## III. ANALYSIS

Plaintiff has not met his burden of establishing the requirements for a preliminary injunction. Plaintiff's lawsuit involves alleged violations of RLUIPA by TDCJ. The United States Supreme Court has stated that Congress enacted RLUIPA to address "frivolous or arbitrary" barriers impeding institutionalized persons from exercising their religious beliefs, but expected courts entertaining RLUIPA challenges to also "accord due deference to the experience and

2

expertise of prison and jail administrators." *Davis v. Davis*, 826 F.3d 258 (5th Cir. 2016) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 716–17 (2005)).

### A. At this time, Plaintiff has not established a substantial likelihood of success on the merits on his underlying claims challenging TDCJ's grooming policies.

Plaintiff argues that TDCJ's Religious Beard Policy violates RLUIPA, which mandates that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability unless the government demonstrates that imposition of the burden on that person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A).

The plaintiff bears the initial burden of proving that the challenged government action substantially burdens his religious exercise. *Ware v. Louisiana Dep't of Corr.*, 866 F.3d 263, 268 (5th Cir. 2017). RLUIPA does not define "substantial burden," but the Fifth Circuit has held that a government regulation places a substantial burden on a religious exercise if it pressures the prisoner to significantly modify his religious behavior and significantly violate his beliefs. *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). A government regulation does not pose a substantial burden to religious exercise "if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Id.* If the plaintiff shows that the challenged government action substantially burdens his religious exercise, the burden shifts to the defendant to prove a compelling state interest, and that the government action is the least restrictive means of furthering that interest. *Ware,* 866 F.3d at 268.

Plaintiff argues that, as a Muslim, his faith requires him to wear a beard on his face and remove his body hair. ECF No. 28. Plaintiff argues that because TDCJ employees deprived him of a razor to shave, he was unable to trim, shape, or sculpt his mustache or beard while on the Religious Beard List, and thus he voluntarily took his name off the list in order to comply with the tenets of his religion. *Id.* In response, Defendant argues that the razor policy changed during the pendency of Plaintiff's lawsuit, that all inmates now receive a razor regardless of their status on the Religious Beard List, and that Plaintiff's request for injunctive relief is therefore moot. ECF No. 36 at 2.

At the hearing on November 30, 2017, Plaintiff appeared *pro se*. His primary contention before the Court was that as a Muslim, he should be entitled to wear and groom his facial hair, as well as shave his body hair according to the tenets of his religion. The Court thus construes Plaintiff's pleadings and testimony as challenging TDCJ's grooming policies as unconstitutional on their face and as applied in this case. The Court notes that Plaintiff appeared at the hearing wearing a beard and mustache on his face. He stated that he is technically not in compliance with TDCJ grooming policies, as he is not currently on the Religious Bear List. Plaintiff testified that he has a razor and has not been deprived of the use of his razor since the spring of this year when TDCJ's grooming policies were revised. Plaintiff also testified that he has not received any disciplinary actions since taking his name off the Religious Beard List on or about June 29, 2017. *See* ECF No. 36-2 at 2 (Affidavit of Shyrl Maulden, Beard Clerk at James Allred Unit, stating that Plaintiff submitted an I-60 form on June 29, 2017, to be removed from the Religious Beard List). Based on Plaintiff's testimony at the hearing and TDCJ's revised grooming policies that were offered in evidence at the hearing as Exhibit B, it is clear that Plaintiff is not being deprived of a razor to shave, trim, or sculpt his facial or body hair. ECF No. 48-2. Thus, Plaintiff's claims that

TDCJ's grooming policies are unconstitutional on their face or as applied to him or that they violate RLUIPA because he is being deprived of a razor appear to be moot. Based on the evidence presented, Plaintiff failed to show that there is a substantial likelihood of success on the merits of these claims.

Furthermore, Plaintiff stated at the hearing that he is being treated the same whether he is on or off the Religious Beard List, and that although he is out of compliance with TDCJ's grooming policy, he has not received any disciplinary actions or penalties as a result. Plaintiff has not established that the TDCJ's grooming policies are unconstitutional or pose a substantial burden to his religious exercise under RLUIPA. Plaintiff has been able to shave, trim, and sculpt his facial hair and shave his body hair at least since June 29, 2017. Because Plaintiff has not established that TDCJ grooming policies substantially burden his religious exercise, Plaintiff fails to establish a substantial likelihood of success on the merits of his case at this time.

**B. Plaintiff has not established a substantial threat of irreparable harm if the injunction is denied.**

For the Court to grant a preliminary injunction, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted). An "actual injury" must be certain to occur. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). As a matter of law, the violation of a constitutional right in and of itself constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373–74 (1976). "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Opulent Life Church*, 697 U.S. at 295 (quoting *Elrod*, 427 U.S. at 373).

Plaintiff has not presented any evidence that he has suffered an "actual injury." To the contrary, Plaintiff testified at the hearing that he currently is in possession of a razor; is able to

shave, trim and sculpt his facial and body hair; and though he is currently not in compliance with the TDCJ grooming policies, he has not been disciplined for that since at least June 29, 2017—when he removed himself from the Religious Beard List. Thus, Plaintiff has not suffered any "actual injury," which is required to obtain a preliminary injunction.

Plaintiff alleges that prison officials retaliated against him for filing the instant suit by subjecting him to cell searches, "interrogating" him, and confiscating some of his materials during a cell search. ECF No. 28. A retaliation claim against a prison or prison official requires a prisoner to "establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). The court must give due deference to the expertise of prison officials in establishing regulations and procedures to maintain order, security and discipline, taking into consideration costs and limited resources. *Cutter*, 544 U.S. at 723,

The retaliatory act must be such that it would deter an ordinary person from asserting his rights. *Id.* at 686. According to Plaintiff, his cell was searched twice on July 19, 2017. ECF No. 28. Furthermore, in Plaintiff's letter to the Court filed October 16, 2017, he states that his legal materials were confiscated. ECF No. 42. At the November 30, 2017, hearing, Plaintiff acknowledged that some of his legal materials were returned to him. Plaintiff has not presented any evidence that he has been unable to litigate this case due to the alleged acts of TDCJ employees and officials. *See Lewis v. Casey*, 518 U.S. 343, 353 n.4 (The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials").

In addressing Plaintiff's letter filed October 16, 2017, he states that the letter is in "reguard [sic] my pending preliminary injuction and temporary restraining order. These are the latest events involving Allred unit staff harassing a retaliating against me here for filing suit." ECF No. 42 at 1. Plaintiff alleges that on October 8, 2017, he was refused lunch for no reason, and that his request to speak a supervisor was ignored. *Id.* On that same day, Plaintiff allegedly covered his cell door with a sheet in order to do his daily prayers. *Id.* Plaintiff states that a "5-man team in full gear" came to his door, that he was pepper sprayed, and that he was repeatedly punched in the face and head. *Id.*

At the hearing, Plaintiff stated that he filed a grievance against TDCJ employees for what occurred on October 8, 2017. Plaintiff and counsel for Defendant agreed that the administrative proceedings for the incident are still ongoing. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has neither presented any evidence nor argued that "extraordinary circumstances" exist in this case.

Thus, the Court lacks jurisdiction to address this specific issue regarding retaliation, as administrative proceedings are still ongoing.

### C. Plaintiff has not established that the threatened injury outweighs any harm that the injunction might cause to the Defendant.

As discussed in Section B, Plaintiff has failed to demonstrate irreparable harm absent the injunction, as Plaintiff's right to religious exercise is not being substantially burdened. The Fifth Circuit's decision in *Garner v. Gutierrez* affirmed a district court's decision to grant an injunction—enjoining TDCJ's previously enforced "no-beard policy" that required inmates to shave their facial hair regardless of their religion. 713 F.3d 237, 243 (5th Cir. 2013). However, the type of injury discussed in *Garner* is not present in the instant case. Here, Plaintiff is fully capable and able to groom his facial hair, as well as shave his body hair, according to the tenets of his religion. Thus, at this time there is no "threatened injury" for the Court to balance against harm to the Defendant.

### D. Based on the evidence before the Court, Plaintiff has not established that public interest considerations are warranted at this time.

If Plaintiff were able to show a substantial likelihood of success on the merits of his constitutional or RLUIPA claims, he would have established the public interest in issuance of a preliminary injunction to protect his rights. *Opulent Life Church v. City of Holly Springs,* 697 F.3d 279, 298. However, Plaintiff has failed to make that showing, and thus he failed to prove that issuance of the proposed preliminary injunction would not disserve the public interest.

### E. Plaintiff's Request for Temporary Restraining Order.

In addition to Plaintiff's request for a preliminary injunction, Plaintiff also requests the Court to issue a temporary restraining order. ECF No. 28. "Under well settled Fifth Circuit precedent, a temporary restraining order is an extraordinary remedy that should not be granted

unless the movant proves the same elements required generally for injunctive relief." *God's Chariot, L.P. v. City of Euless*, No. Civ. A. 403-CV-624-Y, 2003 WL 21640622, at *1 (N.D. Tex. July 8, 2003) (Means, J.) (internal citations omitted). As noted above, Plaintiff has not met his burden to satisfy the requirements of a preliminary injunction, and therefore a temporary restraining order is inappropriate at this time. Plaintiff has failed to meet his burden of establishing a substantial threat that he will suffer irreparable harm absent immediate injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

**IV.    CONCLUSION**

Because Plaintiff has failed to meet his burden of proof on the four perquisites to grant the injunctive relief he requests, the undersigned **RECOMMENDS** that Chief United States District Judge Lynn **DENY** Plaintiff's Motion for Injunctive Relief. ECF No. 28.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 4, 2017.

                                                                       _____
                                                                       Hal R. Ray, Jr.
                                                                       UNITED STATES MAGISTRATE JUDGE