## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | |
|---|---|
| TERRENCE T. JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00027-M-BP |
| § | |
| BRYAN COLLIER, Executive Director, § | |
| Texas Department of Criminal Justice, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 70) with Brief in Support (ECF No. 71), filed February 16, 2018. Plaintiff has not filed a response to Defendant's Motion despite the Court notifying him to respond and *sua sponte* extending the deadline to respond multiple times. ECF Nos. 74, 79, 88, and 92. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **GRANT** summary judgment for the Defendant, and **DISMISS** Plaintiff's constitutional claims as moot without prejudice, his request for damages with prejudice, and his retaliation claims without prejudice. ECF No. 70.

### BACKGROUND

Plaintiff Terrence Johnson ("Johnson") is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 8 at 3. Johnson brings this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") for violation of his constitutional rights. ECF No. 8 at 3. He claims that the TDCJ "Religious Beard Policy" violates RLUIPA by denying inmates on the Religious Beard List state-issued shaving razors and claims that he has been retaliated against for not complying with the

TDCJ grooming policies. *Id.* at 6. Johnson seeks declaratory relief, and compensatory and punitive damages. ECF No. 8 at 8.

Johnson filed his Original Complaint on March 14, 2017. ECF No. 1. He filed his First Amended Complaint on April 15, 2017. ECF No. 8. On February 16, 2018, Defendant filed its Motion for Summary Judgment arguing that Johnson's claims are moot because TDCJ revised its grooming policy, which permits inmates to grow a beard, and seeking judgment on Johnson's claims as a matter of law. ECF No. 71 at 3. Rather than responding to Defendant's Motion, Johnson filed a letter to the Court requesting an order compelling Defendant to respond to Johnson's discovery requests. ECF No. 80. Defendant responded to Johnson's request on April 17, 2018. ECF No. 84. Subsequently, Johnson filed a motion to compel on April 30, 2018 (ECF No. 86) and a motion to extend time for discovery on May 21, 2018 (ECF No. 90). By Court order, Defendant filed a response to Johnson's motions stating that Johnson never properly served discovery requests. ECF Nos. 80, 86, and 90. Johnson failed to reply to the Court ordered deadline, and the Court *sua sponte* extended Johnson's deadline to reply to Defendant's response to July 25, 2018. ECF No. 97. Johnson again failed to reply to the Court-ordered deadline to submit evidence that he properly served discovery requests on the Defendant. Thus, the Court denied Johnson's motions to compel and to deny or stay Defendant's Motion for Summary Judgment. ECF No. 98. As of today's date, Johnson has not properly responded to Defendant's Motion for Summary Judgment despite the Court's numerous reminders notifying Johnson to respond to Defendant's Motion. *See* ECF Nos. 74, 79, 88, and 92.

On November 30, 2017, the Court held a hearing concerning Johnson's request for injunctive relief. Johnson appeared *pro se*, and counsel for Defendant was present by telephone and participated in the hearing. Following the hearing, the Court ordered Defendant to file TDCJ's

revised personal cleanliness, grooming, sculpting, and beard policies. Defendant filed the revised policies on December 11, 2017. ECF No. 55-1. On December 4, 2017, the undersigned entered a Findings, Conclusions, and Recommendation (ECF No. 50) recommending that Chief Judge Lynn deny Johnson's request for injunctive relief, which Chief Judge Lynn accepted on January 4, 2018. ECF No. 58.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court must construe all facts and inferences in the light most favorable to the nonmoving party when considering a motion for summary judgment. *See Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence

of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

Courts must employ summary judgment cautiously. *Murrell v. Bennett*, 615 F.2d 306, 309 (5th Cir. 1980). In particular, in prisoner *pro se* cases courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Id.* at 311; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a *pro se* plaintiff's pleadings should be liberally construed). Courts should take into account that "[i]ndigent prisoners are hampered in their access to the proof necessary to ward off summary judgment." *Murrell*, 615 F.2d at 310.

## ANALYSIS

Defendant makes two arguments in his Motion for Summary Judgment: (1) that Johnson's claims are moot due to the revised TDCJ grooming policies and (2) that Johnson cannot recover monetary damages under RLUIPA.

The United States Supreme Court has stated that Congress enacted RLUIPA to address "frivolous or arbitrary" barriers impeding institutionalized persons from exercising their religious beliefs, but expected courts entertaining RLUIPA challenges to also "accord due deference to the experience and expertise of prison and jail administrators." *Davis v. Davis*, 826 F.3d 258 (5th Cir. 2016) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 716–17 (2005)).

Johnson argues that TDCJ's Religious Beard Policy violates RLUIPA, which mandates that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability unless the government demonstrates that imposition of the burden on that person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A).

The plaintiff bears the initial burden of proving that the challenged government action substantially burdens his religious exercise. *Ware v. Louisiana Dep't of Corr.*, 866 F.3d 263, 268 (5th Cir. 2017). RLUIPA does not define "substantial burden," but the Fifth Circuit has held that a government regulation places a substantial burden on a religious exercise if it pressures the prisoner to significantly modify his religious behavior and significantly violate his beliefs. *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). A government regulation does not pose a substantial burden to religious exercise "if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Id.* If the plaintiff shows that the challenged government action substantially burdens his religious exercise, the burden shifts to the defendant to prove a compelling state interest, and that the government action is the least restrictive means of furthering that interest. *Ware*, 866 F.3d at 268.

Johnson argues that, as a Muslim, his faith requires him to wear a beard on his face and remove his body hair. ECF No. 8. Johnson argues that because TDCJ employees deprived him of a razor to shave, he was unable to trim, shape, or sculpt his mustache or beard while on the Religious Beard List, and thus he voluntarily took his name off the list in order to comply with the

tenets of his religion. *Id.* Further, Johnson alleges that on August 10, 2016, he was given a disciplinary violation based on TDCJ's former grooming policy. ECF No. 8 at 6. Specifically, Johnson claims that TDCJ's policy violated his constitutional rights because he was written up several times for not complying with the former grooming policy and as a result, lost his "commissary, recreational, electronic device privileges," "lost [his] chance to be released from [administration segregation] to general population . . . parole . . . [and to be transferred] closer to Houston." *Id.* at 7. In response, Defendant argues that the razor policy changed during the pendency of Johnson's lawsuit, that all inmates now receive a razor regardless of their status on the Religious Beard List, and that all of Johnson's claims are therefore moot. ECF No. 20.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). The "general rule" is that when a controversy between an inmate and prison officials "has resolved to the point that they no longer qualify as 'adverse parties with sufficient legal interests to maintain the litigation,' [a court] is without power to hear the case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (*citing United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006) (per curiam)). Simply put, the "mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). "[A]n actual, live controversy must remain at all stages of federal court proceedings, both at the trial and appellate levels. That is, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Larez-Meraz*, 452 F.3d at 355 (*citing de la O v. Housing Auth. of City of El Paso*, 417 F.3d 495, 499 (5th Cir. 2005)).

The Fifth Circuit noted in *Sossamon* that "courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude." 560 F.3d at 325. The Fifth Circuit noted:

> Although [*Friends of the Earth v. Laidlaw Environmental Services, Inc.*,] establishes that a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.

*Id.*

After Johnson filed his Complaint in March 2017, TDCJ revised its grooming and religious beard policies, effective December 1, 2017. ECF No. 55. Under the revised policy, inmates may now trim their religious beards and mustaches in accordance with their religious beliefs. SM-06.16 (rev. 2). In light of this change in policy, other courts in the Fifth Circuit have dismissed as moot RLUIPA claims involving TDCJ's former grooming and religious beard policies. In *Wilson v. Livingston*, the plaintiff argued that TDCJ's grooming policies burdened his religious practice, and thus sought injunctive relief to change the policies for him to grow his beard and cut his mustache. No. 3:16-CV-0188-Y-31, 2018 WL 2441786 (S.D. Tex. May 31, 2018). The court held that TDCJ's new policy mooted plaintiff's claim, as plaintiff no longer stated a viable cause of action. *Id.* In *Strong v. Livingston*, the plaintiff claimed that TDCJ's grooming policy requiring him to shave once a year violated RLUIPA. No. 2:16-CV-131, 2018 WL 1115656 (S.D. Tex. Feb. 1, 2018). The court found that because TDCJ's revised grooming policy eliminated the annual shaving requirement, that plaintiff's RLUIPA claims were moot. *Id.* Similarly in *Smith v. Collier*, the plaintiff claimed that TDCJ's policy on sculpting his beard from its natural line of growth violated his religious beliefs. The court reasoned that because TDCJ changed its grooming and

7

religious policies, plaintiff's claims were moot and should be dismissed. No. 6:17-CV-073, 2018 WL 1148121 (E.D. Tex. Jan. 26, 2018).

TDCJ has changed the grooming policy to allow offenders with religious beards to shave, groom, and sculpt their bears, which is the relief Johnson seeks in this case. Because Johnson has received the relief he seeks since at least June 29, 2017, and TDCJ's policy change in December 2017 allows him to groom his beard and receive a razor, there is no longer a viable action or relief for the Court to consider. *See Sossamon*, 560 F.3d at 324.

While the courts in *Wilson*, *Strong*, and *Smith* granted summary judgment for the State, they have dismissed the complaining plaintiff's claims in different ways. *Compare Wilson v. Livingston* (claims dismissed without prejudice for lack of jurisdiction), *Strong v. Livingston* (recommending that the RLUIPA claims be dismissed with prejudice), and *Smith v. Collier* (same). The undersigned finds that the Court lacks jurisdiction over Johnson's RLUIPA claims based on mootness, and thus the claims should be dismissed without prejudice. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (finding that the plaintiff's lack of subject matter jurisdiction is not a determination of the merits, and thus dismissal without prejudice is appropriate).

As to Johnson's request for compensatory and punitive damages, Defendant argues that Johnson is not entitled to monetary damages under RLUIPA. ECF No. 71 at 4. The undersigned agrees. RLUIPA does not create a cause of action for damages against "Texas and the defendants in their official capacities," nor does it create a "cause of action against defendants in their individual capacities." *DeMoss v. Crain*, 636 F.3d 145, 153–54 (5th Cir. 2011) (citation omitted). The Fifth Circuit has explained that RLUIPA does not allow for individual capacity liability for damages and that whether or not the Act creates an official capacity damages action, such an action

is barred by sovereign immunity. *Bethany v. Reescano*, 419 Fed. App'x 498, 500 (5th Cir. 2011) (citation omitted). Thus, Johnson's request for monetary damages under RLUIPA fails as a matter of law and should be dismissed with prejudice.

The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); 42 U.S.C. § 1997e. The exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Johnson first raised his retaliation claims *after* filing his Original Complaint when he filed his motion for injunctive relief. ECF Nos. 28 and 42.

At the November 30, 2017 hearing on his request for injunctive relief, Johnson and counsel for Defendant agreed that the administrative proceedings related to the retaliation claims were still ongoing. Thus, Johnson's administrative remedies were not exhausted when presented before the Court at the November 30, 2017 hearing, and further, Johnson improperly raised the retaliation claim *after* filing his Original Complaint. Consequently, his retaliation claims should be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit. *Wendell v. Asher*, 162 F.3d 887, 890–92 (5th Cir. 1998); *Crain v. Penney*, No. 3:13-CV-725-N (BF), 2014 WL 7027876, at *3 (N.D. Tex. Dec. 12, 2014).

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Lynn **GRANT** Defendant's Motion for Summary Judgment, and **DISMISS** Plaintiff's constitutional claims under RLUIPA without prejudice, his request for damages under RLUIPA with prejudice, and his retaliation claims without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 27, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE